360 So.2d 844 (1978)
STATE of Louisiana
v.
Charles MOSELY.
No. 61407.
Supreme Court of Louisiana.
June 19, 1978.
Rehearing Denied July 26, 1978.
*845 Bobby L. Culpepper, Baker, Culpepper & Brunson, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Eddie Knoll, Dist. Atty., Jeannette Theriot Knoll, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Charles Mosely was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, he was found guilty as charged and sentenced to serve eight years at hard labor. On appeal, defendant relies upon twenty-four assignments of error for reversal of his conviction and sentence. Finding reversible error in Assignment of Error No. 14, we pretermit consideration of the other assignments of error.
Defendant contends the trial judge erred in allowing the state to read, in the presence of the jury, a defense witness' prior inconsistent statement after the witness had distinctly admitted making such statement.
During trial, Reginald Lachney testified on behalf of defendant. On direct examination, he stated that he was with defendant and several friends at the Voinche apartments on the night before the alleged burglary. (The burglary was allegedly committed during the early morning hours of April 11, 1977.) Mr. Lachney related their activities and denied that they ever walked toward John's Discount Store or Lewis Roy Motor Company, the allegedly burglarized structure. He stated that defendant left to go home about midnight. On cross-examination, the state asked Mr. Lachney if he had previously told the police that he and his friends had walked toward John's Discount Store on the date of the alleged burglary. Lachney distinctly admitted having made such a statement. The state then asked him if he had not in fact given a specific statement. Mr. Lachney explained, "Under a threat." The state then questioned him about the allegedly involuntary nature of the prior inconsistent statement and asked if he could identify a certain document. Mr. Lachney identified the document as a statement he had given the police, and the state proceeded to read it aloud before the jury. Defendant interrupted the reading, and the following colloquy occurred:
[By defendant]:
Your honor, I'm going to objectthe only time a prior inconsistent statement is introduced, if he denies what he said. Mr. Lachney readily admitted that he made the statement.
[By the state]:
Your honor, we have a right to introduce theto show exactly what his statements were and to show what that inconsistency is; and we've been going through inconsistencies and inconsistencies; now I want to show an inconsistency for this record.
By the Court:
I'll permit the statement to go through.
The state then read aloud the prior inconsistent statement in its entirety. The statement incriminated defendant by placing him at the scene of the alleged burglary.
La.R.S. 15:493 provides:
Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible. [Emphasis added.] *846 La.R.S. 15:493 permits the credibility of a witness to be impeached by proof of any statement made contradictory to his testimony at trial. Proof that the prior inconsistent statement was made can be used for impeachment purposes only, not to show the truth of its content. If a witness distinctly admits having made a prior inconsistent statement, his credibility has been effectively impeached. At this point, the permitted reason for the use of the prior inconsistent statement (impeachment) has been accomplished. Thereafter, proof that the statement was made would not be for impeachment purposes, but rather to show the truth of its content, which is not permissible. Accordingly, if a witness distinctly admits having made a prior inconsistent statement, evidence that the statement was made is inadmissible. La.R.S. 15:493; State v. Bennett, 357 So.2d 1136 (La.1978); State v. Johnson, 333 So.2d 223 (La.1976); State v. Zeno, 322 So.2d 136 (La.1975).
In the instant case, we find, and the state does not otherwise contend, that Mr. Lachney distinctly admitted having made the prior inconsistent statement. Hence, the trial judge erred in allowing the statement to be read before the jury. Since the prior inconsistent statement contained remarks highly prejudicial to defendant, we are compelled to find the error reversible.

DECREE
For the reasons assigned, the conviction and sentence are reversed; the case is remanded for a new trial consistent with law and the views herein expressed.
SANDERS, C. J., dissents with reasons.
SUMMERS, J., dissents.
SANDERS, Chief Justice (dissenting).
Although the record is not altogether clear, as I interpret it, the prior statement of the witness Lachney was used only as an aid in the State's cross-examination.
Prior to its use, the witness admitted only that he had signed a prior statement "under a threat" without disclosing the extent and nature of its inconsistency, if any. The State then proceeded to ask him if he made certain factual representations by reading them from the document to establish that the prior statement was in fact inconsistent.
In State v. Redwine, La., 337 So.2d 1041 (1976), we approved such cross-examination even after the witness had admitted that his prior statement was "entirely different," stating:
"This response amounted to little more than an opinion and did not constitute an admission of having made a prior inconsistent statement regarding any particular one of the many facts to which he testified at the trial; it told the trier of fact nothing of the nature or extent of his prior self-contradiction."
It is true, as noted by the majority, that the cross-examination apprised the jury of the factual content of the prior statement. In my opinion, however, the jurors were entitled to know the nature and extent of the inconsistency.
For the reasons assigned, I respectfully dissent.