383 So.2d 345 (1980)
STATE of Louisiana
v.
Ivan MOLINARIO.
No. 65851.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*347 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Marvin Opotowsky, Lance Africk, Asst. Dist. Attys., Career Crim. Bureau, for plaintiff-appellee.
Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
MARCUS, Justice.[*]
Ivan L. Molinario was charged by bill of information with simple burglary of a pharmacy in violation of La.R.S. 14:62.1. After trial by jury, defendant was found guilty as charged. After conviction, but prior to sentencing, the district attorney filed an information accusing defendant of previous felony convictions pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found defendant to be an habitual offender and sentenced him, as a *348 fourth offender, to life imprisonment at hard labor. On appeal, defendant relies on twenty-seven assignments of error for reversal of his conviction and sentence. We will discuss only those assignments of error which present serious issues. The remaining assigned errors are clearly without merit and are resolved based on well-settled principles of law. Since extended reasons for concluding that they lack merit would serve no useful purpose, we have decided to dispose of them without discussion.

ASSIGNMENTS OF ERROR NOS. 4 AND 18
Defendant contends the trial judge erred in allowing in evidence testimony concerning his flight from the state. He argues that the evidence was inadmissible hearsay (Assignment of Error No. 4) and constituted a reference to another crime committed by him to which evidence was not admissible (Assignment of Error No. 18).
Prior to trial, defendant filed a motion requesting, inter alia, a protective order that the state could not produce evidence that defendant had committed the offense of jumping bail in violation of La.R.S. 14:110.1. The trial judge denied the motion, ruling that the state could introduce evidence of defendant's flight.
The evidence of defendant's flight was admitted during the testimony of New Orleans Police Detective Wilbert Rome. Rome testified that he and another officer traveled to Tampa, Florida to gain custody of defendant and return him to this jurisdiction. When asked as to what he meant by "extradition," the witness replied: "There was an at large capias issued by the courts here in Louisiana." At this point, defendant objected on the ground of hearsay. The trial judge then asked the witness if he was present in court when the capias was issued. The witness replied in the negative but stated that he and the other officer had a "governor's extradition warrant" in their possession when they traveled to Florida.
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Martin, 356 So.2d 1370 (La.1978). We do not consider that this testimony was introduced to prove the truth of the matter but rather to explain the reason and the authority under which the witness and the other officer traveled to Florida to secure defendant and return him to Louisiana. Hence, it was nonhearsay. State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979); State v. Mitchell, 356 So.2d 974 (La.1978), cert. denied, 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1979). We further reject defendant's argument in brief to this court that the evidence of defendant's flight constituted assertive non-verbal communication introduced to prove the truth of the matter asserted and was therefore inadmissible hearsay. Even assuming that defendant's flight to Florida is assertive in nature, it was admissible as a declaration against penal interest, an exception to the hearsay rule. State v. Gilmore, 332 So.2d 789 (La. 1976). In sum, the trial judge correctly overruled defendant's objection on the ground of hearsay.
Defendant's objection to Detective Rome's testimony relating to extradition of defendant on the ground of relevancy was overruled by the trial judge. In brief to this court, defendant argues that evidence of defendant's flight constitutes an impermissible reference to another crime, viz., jumping bail.
Defendant was arrested by Detective Rome on March 15, 1977, on the charge of burglary of a pharmacy which took place on February 15, 1977. On March 30, 1977, defendant pleaded not guilty and the court ordered bond set at five thousand dollars. Thereafter, defendant appeared in court on numerous occasions in connection with pretrial motions filed by him. On July 29, 1977, bond was forfeited due to the nonappearance of defendant and the court ordered the issuance of an alias capias. *349 Thereafter, defendant was extradited from Florida (May 1978).
Evidence of criminal acts of the accused designed to obstruct justice or avoid punishment for the present crime may be introduced as an admission by conduct, subject to the following safeguards: (1) before the evidence is introduced at all, there must be clear and convincing evidence of the commission of the other crimes and the defendant's connection therewith; (2) the evidence of the accused's conduct must be substantially relevant to show his consciousness of guilt of the crime charged; (3) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. State v. Lee, No. 65,064, 381 So.2d 792 (La., February 15, 1980); State v. Burnette, 353 So.2d 989 (La.1977).
In the instant case, there is no question but that defendant did in fact commit the offense of jumping bail. It appears from the record that the only charges pending against defendant at the time of his flight from this jurisdiction was the charge herein and the charge of possession of the drugs stolen in the burglary involved in this case. Defendant had been released on bail and was awaiting trial at the time of his flight. This case does not present a situation where the inference of guilt drawn from the flight of the accused was clouded by other factors, such as unrelated pending criminal charges, prison conditions or the desire for freedom, or a lack of confidence in a right to a speedy trial. We conclude therefore that defendant's flight from the state was relevant to show his consciousness of guilt, State v. Bolton, 354 So.2d 517 (La.1978) and State v. Davies, 350 So.2d 586 (La.1977), and that the probative value of this evidence outweighed its prejudicial effect. Hence, the evidence was properly admitted by the trial judge.
Assignments of Error Nos. 4 and 18 are without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in allowing in evidence references to defendant's use of drugs during the testimony of Jarold Mueller, Rachael Nile and Lawana Sawyer. He argues that such evidence constituted evidence of other crimes which was inadmissible because the state failed to give him notice as required by La.Code Crim.P. art. 720.
La.Code Crim.P. art. 720 provides:
Upon motion of defendant, the court shall order the district attorney to inform the defendant of the state's intent to offer evidence of the commission of any other crime admissible under the authority of R.S. 15:445 or R.S. 15:446. Provided however, that such order shall not require the district attorney to inform the defendant of the state's intent to offer evidence of offenses which are part of the res gestae or convictions used to impeach the defendant's testimony.
Jarold Mueller testified that, after he and defendant burglarized the pharmacy, they returned with the drugs to the apartment of Rachael Nile where Mueller was staying at the time. He stated that Rachael Nile and Lawana Sawyer, who resided with Mueller and defendant, respectively, were present at the apartment and that the four of them "tested" the drugs, i. e., used some of the stolen drugs and then divided the drugs between the two couples. The testimony of Rachael Nile and Lawana Sawyer was to the same effect. Additionally, Ms. Nile stated that she knew the burglary was to take place that night as defendant had previously asked her if she would participate in it.
Prior to trial, defendant filed a motion requesting, inter alia, a protective order that the state could not introduce evidence of defendant's use of drugs. The trial judge ruled that evidence relating to the use of the stolen drugs immediately after the burglary was admissible as part of the res gestae.
La.R.S. 15:448 provides:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
*350 The doctrine of res gestae includes not only spontaneous utterances and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances. La.R.S. 15:447, 448; State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979), and cases cited therein.
In the instant case, defendant and Mueller burglarized the pharmacy and immediately returned to the apartment, used some of the drugs in order to test them, and then divided up the remainder. The burglary and defendant's use of drugs formed one continuous chain of events. We consider that the testimony relating these events was within the res gestae so as not to require notice under La.Code Crim.P. art. 720.
Assignment of Error No. 8 is without merit.

ASSIGNMENTS OF ERROR NOS. 16 AND 17
Defendant contends the trial judge erred in refusing to allow him the opportunity to impeach the testimony of a state witness.
On cross-examination of Rachael Nile, a state witness, defense counsel asked her if she recalled writing a letter indicating her belief that Jarold Mueller "set Ivan [defendant] up on this drug charge." The witness responded in the negative. It is clear from the record that defense counsel was questioning the witness about this letter which was viewed at the time by the trial judge. The state objected to any questions directed to this witness regarding any documents including "this letter" which it had "not been privileged to see prior to the trial." The witness was then asked, "Do you remember writing a letter to Judge Ward about this case?" The witness replied in the affirmative. She further stated that she did not have a copy of the letter nor did she recall whether she had sent a copy of it to defendant. The next question of defense counsel, concerning the contents of the letter, was interrupted by the trial judge, who sustained the state's objection. A copy of the letter was not introduced in evidence.
Each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side. La.R.S. 15:486. La.R.S. 15:493 provides:
Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.
La.R.S. 15:493 thus permits the credibility of a witness to be impeached by proof of any statement made contradictory to his testimony at trial. If, however, a witness distinctly admits having made a prior contradictory statement, evidence that the statement was made is inadmissible. La. R.S. 15:493; State v. Gomez, 365 So.2d 1313 (La.1978); State v. Mosely, 360 So.2d 844 (La.1978); State v. Bennett, 357 So.2d 1136 (La.1978).
It seems clear from the record that the letter written to the trial judge was the same letter in which the witness had referred to the fact that Mueller had "set up" defendant. That statement was contrary to her testimony at trial that Mueller and defendant had both participated in the burglary of the pharmacy. While Ms. Nile at first denied writing a letter indicating that Mueller had set up defendant, her later admission to writing a letter to the trial judge, which was obviously the same letter containing the assertion that Mueller had set up defendant, more than likely conveyed to the jury her admission of the prior contradictory statement, making the letter inadmissible in evidence. On the other hand, *351 even assuming that her testimony did not constitute a distinct admission as to her prior contradictory statement, any resultant error was harmless since the witness' testimony was otherwise impeached. Ms. Nile admitted that she had been convicted of forging a prescription in 1974 and that she and defendant invented an alibi for defendant as to the crime for which he was being tried. She testified that they decided they would say that defendant had been at her apartment on the night of the burglary babysitting for her five-year-old child. The plan was later abandoned because she and defendant were unsure of the dates involved. Ms. Nile further stated that, prior to the abandonment of the proposed alibi, she had prepared documents purporting to be her financial records for the time period in question, including babysitting records, which she had given to the district attorney some six or eight weeks prior to trial. Under the circumstances, any prejudice resulting from the ruling of the trial judge was removed by the impeachment of the witness on other grounds.
Assignments of Error Nos. 16 and 17 are without merit.

SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in finding him to be an habitual offender in that a prior federal conviction used to enhance his sentence was not a felony if committed in this state. In view of our disposition of the case based on this contention, we need not consider other contentions raised by defendant in this assignment of error relative to his being found an habitual offender.
La.R.S. 15:529.1(A) provides:
Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony shall be punished as follows: . . . . [Emphasis added.]
The trial judge found defendant to be a fourth felony offender and sentenced him to life imprisonment. One of the prior felonies used to enhance his punishment for the instant felony conviction was a conviction under the laws of the United States, viz., a violation of the Federal Gun Control Act of 1968, 18 U.S.C. § 922(a)(6).[1] Defendant's conviction for this federal offense was based on a plea of guilty to the charge of knowingly making a false written statement in his application to a licensed dealer for the purchase of a firearm.[2] He was sentenced to imprisonment for a period of four years[3] (a felony under federal law).[4]
*352 In State v. Singleton, 352 So.2d 191 (La. 1977), we held that under La.R.S. 15:529.1 a federal conviction can only be used to enhance a defendant's conviction if the offense is one which "if committed in this state would be a felony." Finding that the violation of the federal law was analogous to a crime not a felony in this state at the time of the commission of the offense, we held that it was improperly used to enhance his punishment.
In the instant case, the federal offense for which defendant was convicted was analogous at the time of the commission of the offense to the crime in this state of false swearing (La.R.S. 14:125).[5] A felony in this state is defined as "any crime for which an offender may be sentenced to death or imprisonment at hard labor." La. R.S. 14:2(4). A misdemeanor is "any crime other than a felony." Id. 2(6). The penalty for false swearing is a fine not more than five hundred dollars, or imprisonment for not more than one year, or both. Therefore, the crime of false swearing is a misdemeanor and not a felony because it is not punishable by imprisonment at hard labor. Since the federal offense for which defendant was convicted would not have been a felony "if committed in this state," it may not be used to enhance defendant's punishment. State v. Singleton, supra.
State v. Ralph, 336 So.2d 836 (La.1976), relied upon by the state, is distinguishable from the instant case in that in Ralph there was no state offense analogous to the federal offense, viz., transportation of a stolen motor vehicle in interstate commerce, used to enhance punishment. Under those circumstances, reference to the penalty provision of the crime for which defendant was convicted under the federal law in determining whether the federal conviction could be used as a prior conviction under our habitual offender law was proper.
Since the federal conviction was improperly used to enhance defendant's punishment in the instant case, defendant's sentence as an habitual offender must be set aside and the case remanded for a new sentencing hearing.

MOTION TO REMAND
Defendant has filed a motion in this court to remand the case to the trial court for a hearing on his motion for a new trial based on newly-discovered evidence. In order to properly understand our disposition of this motion, it is necessary that we set forth the involved factual background relating thereto.
A verdict in this matter was rendered on October 20, 1978. A motion for new trial was filed and disposed of before sentence (November 3, 1978). Sentence was imposed by the court on defendant and an order of appeal entered on the same date. On June 15, 1979, defendant filed another motion for a new trial. A hearing was held on that motion on June 22, 1979, at which testimony was heard from witnesses Sherwood Millet and Lawana Sawyer. The record does not reflect the disposition of this motion.
On July 13, 1979, while his appeal was pending, defendant filed a motion in this court seeking to have the case remanded to the trial court for a hearing on his motion for a new trial based on newly-discovered *353 evidence. This court granted the motion on July 16, 1979, and ordered the case remanded for a hearing on defendant's motion for a new trial. Thereafter, on November 30, 1979, a hearing was held in response to the order of this court.
At the hearing, the state introduced evidence of the "F.B.I. rap sheets" and certified copies of criminal convictions of prospective defense witnesses Ellis Guillot and Tebbe Arbo. Defendant objected on grounds of hearsay and improper impeachment of defense witnesses who had not yet been called to testify. The objection was overruled. Without any testimony being taken, the trial judge denied the motion for a new trial on the ground that it was untimely filed. While the appeal was still pending, defendant filed the present motion to remand on January 14, 1980, contending that the trial judge improperly denied his motion for a new trial after a hearing at which he was not permitted to introduce testimony concerning the newly-discovered evidence.
La.Code Crim.P. art. 851 provides in pertinent part:
The court, on motion of the defendant, shall grant a new trial whenever:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
La.Code Crim.P. art. 853 provides in pertinent part:
When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case.
An order of appeal was entered in this case on November 3, 1978. The jurisdiction of the trial court was divested and that of this court attached upon entering of the order of appeal. Thereafter, the trial court had no jurisdiction over the results except for certain listed exceptions not applicable here (La.Code Crim.P. art. 916) and could hear a motion for a new trial grounded on newly-discovered evidence filed within one year after verdict pending appeal only on remand of the case by this court (La.Code Crim.P. art. 853).
Accordingly, the trial judge had no authority to hear the motion for new trial on June 22, 1979, in absence of an order of remand by this court. The trial judge could have heard defendant's motion for a new trial based on newly-discovered evidence following remand by this court ordered on July 16, 1979; however, the trial judge denied the motion as untimely without allowing defendant to present any evidence. Although the motion was heard more than one year after verdict, it was timely filed within one year after verdict. Moreover, defendant should have been given the opportunity to present evidence in support of his motion for a new trial grounded on newly-discovered evidence. See State v. Shannon, 360 So.2d 193 (La. 1978); State v. Perry, 351 So.2d 1201 (La. 1977). The trial judge erred in ruling otherwise.
Therefore, we must set aside the trial judge's ruling and remand the case for a full evidentiary hearing on defendant's motion for new trial grounded on newly-discovered evidence. The trial judge may grant a new trial if he finds the new evidence to be such that it would probably have changed the verdict. La.Code Crim.P. art. 851(3). However, should he determine, after a hearing on defendant's motion for a new trial that the motion should be denied, the right of appeal from such ruling is reserved to defendant. In absence of such an appeal, the conviction will be affirmed. See State v. Simmons, 328 So.2d 149 (La. 1976).

DECREE
For the reasons assigned, defendant's conviction is affirmed and his sentence is *354 vacated and set aside. The case is remanded to the district court for a hearing on defendant's motion for new trial and for resentencing of defendant according to law and consistent with the views herein expressed.
DIXON, C. J., concurs, disagreeing with treatment of Assignments # 4, 8 and 18.
CALOGERO, J., dissents. Assignments of Error 4, 18 and 8 have merit.
DENNIS, J., dissents with reasons.
WATSON, J., dissents, being of the opinion that Assignments 4, 8 and 18 have merit.
DENNIS, Justice, dissenting.
I respectfully dissent.
The majority misconstrues our opinion in State v. Lee and Harris, 381 So.2d 792 (La.1980), in which we held that evidence of an escape, which amounts to evidence of another crime not part of the res gestae or introduced to show knowledge, intent or system, is inadmissible unless it meets certain safeguards. The evidence must be clear and convincing that the defendant committed the escape; it must be substantially relevant to show his consciousness of guilt of the crime charged; and the probative value must outweigh the prejudicial effect. State v. Lee and Harris, supra, p. 794. The safeguards applied to the admission of this evidence are to be stringently enforced, due to the inherently prejudicial effect of escape evidence. If the safeguards were stringently enforced in the present case, defendant's conduct cannot be construed to be substantially relevant to show his consciousness of guilt of the crime charged; furthermore the probative value of the flight evidence does not outweigh its prejudicial effect.
NOTES
[*] The Honorable Edward A. de la Houssaye III participated in this decision as Associate Justice Ad Hoc.
[1] 18 U.S.C. § 922(a) provides:

It shall be unlawful
. . . . .
(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or ficitious [sic] oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.
[2] The indictment charged that defendant, in connection with the acquisition of a firearm from a licensed dealer in firearms, did knowingly and unlawfully make a false and fictitious written statement on Department of Treasury, Internal Revenue Service, Form 4473, that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year, when in truth and in fact he was a person who had been convicted in court of a crime punishable by imprisonment for a term exceeding one year, and this false and fictitious written statement was likely to deceive such licensed dealer in firearms with respect to a fact material to the lawfulness of the sale and disposition of such firearm, all in violation of Title 18, U.S.Code, section 922(a)(6).
[3] 18 U.S.C. § 924(a) provides:

Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.
[4] Under federal law, any offense punishable by death or imprisonment for a term exceeding one year is a felony. 18 U.S.C. § 1(1).
[5] La.R.S. 14:125 provides:

False swearing is the intentional making of a written or oral statement, known to be false, under sanction of an oath or an equivalent affirmation, where such oath or affirmation is required by law; provided that this article shall not apply where such false statement is made in, or for use in, a judicial proceeding or any proceeding before a board or official, wherein such board or official is authorized to take testimony.
Whoever commits the crime of false swearing shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both.