LOBRANO, Judge.
Defendant, Jacqueline Richardson, was charged by bill of information with the January 12, 1983 theft of property from the Marianne Shop in the Lake Forest Shopping Mall valued at $149.80, a violation of LSA R.S. 14:67.[1] On February 3, 1983, defendant was arraigned and pled not guilty. Trial was held on June 28, 1983 and defendant was found guilty as charged by a six member jury. On July 23, 1983 defendant was sentenced to serve one year at hard labor, suspended. Defendant was placed on five years active probation with two special conditions of probation: (1) that defendant pay a fine of $500.00 to the Criminal Court Operations Fund and, (2) that defendant serve three months in Parish Prison.
*763 FACTS:
On January 12, 1983, at approximately 10:00 A.M., defendant was observed in the Marianne Shop in the Lake Forest Shopping Mall carrying two coats into a dressing room. Shortly thereafter, defendant exited the dressing room carrying a large shopping bag. She left two empty hangers in the store. A store employee, Carol Mack, and the store manager followed the defendant into the parking lot. They stopped her, took the bag containing the coats and called security. The defendant fled in a green sedan driven by another woman. Officer Terrence Duffy, who arrived on the scene on foot was unable to pursue the suspects.
On January 24, 1983, defendant returned to the Marianne Shop and while looking at the same coats, was recognized by Miss Mack. The police were summoned. Miss Mack identified defendant as the perpetrator of the January 12th theft. Officer Duffy then arrested the defendant.
Defendant appeals her conviction and sentence asserting the following assignments of error:
(1) The Court erred in admitting evidence of other offenses.
(2) The court erred in denying defendant’s Motion for Mistrial due to prejudicial statements made in violation of Code of Criminal Procedure Articles 770, 771 and 775.
ASSIGNMENTS OF ERROR 1 AND 2:
By these assignments, defendant asserts the trial court erred in permitting a state witness, Officer Duffy, to testify regarding other criminal acts of the defendant. The objected to testimony reads as follows:
“Q. Where did the arrest take place?
A. Lake Forest Plaza Mall Shopping Center.
Q. Did the defendant give you • her name?
A. Gave me, as I recall, two aliases. I don’t recall the names, she had no identification and did falsify her name.
By defense: Objection to the statement. Court: Overruled.”
Defendant asserts that by this testimony, Officer Duffy made reference to other criminal conduct, however she does not specify the type of criminal conduct. The only criminal conduct which could arise from the facts described in the above testimony is resisting an officer.[2]
Defendant requested a mistrial which was denied by the trial judge.
In State v. Burnette and Granger, 353 So.2d 989 (La.1977) our Supreme Court held that evidence of criminal acts of the accused designed to obstruct or avoid punishment for the present crime may be introduced as an admission by conduct, provided that none of the safeguards for protecting the accused from unfair prejudice are violated. These safeguards are as follows:
“... (1) before the evidence is introduced at all, there must be clear and convincing evidence of the commission of other crimes and the defendant’s connection therewith; (2) the evidence of the accused’s conduct must be substantially relevant to show his consciousness of guilt of the crime charged; (3) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect.” State v. Lee, 381 So.2d 792, 794 (La.1980)
In the instant case, we cannot say that Officer Duffy’s testimony shows “clear *764 and convincing evidence” of or is “substantially relevant” to defendant’s consciousness of guilt Of the January 12th theft. However, in State v. Nuccio, 454 So.2d 93 (La.1984) our Supreme Court held that a police officer’s unsolicited, unresponsive reference to another crime alleged to have been committed by a defendant does not of itself mandate a mistrial under LSA C.Cr.P. Art. 770(2). The court further stated that the comments of a police officer must be viewed with considerable concern as to its effect on the fairness of the proceedings but the decision is initially within the sound discretion of the trial judge. The court determined that there was no showing of an abuse of discretion when the trial judge admonished the jury to disregard the remarks but denied the motion for mistrial. “Absent a clear showing of abuse of the trial court’s discretion, this Court will not upset a trial court’s ruling on the matter.” State v. Nuccio, supra, at page 102.
Code of Criminal Procedure Article 771 empowers the trial judge to grant a mistrial. Mistrial, however, is a drastic remedy warranted only when an error at trial results in substantial prejudice to a defendant which effectively deprives him of a fair trial. State v. Edwards, 420 So.2d 663 (La.1982). We agree with the trial court that Officer Duffy’s remarks did not warrant a mistrial. Nuccio, supra. These assignments of error are without merit.
ERRORS PATENT:
We have also reviewed the record for errors patent as mandated by La.C.C.Pr. Art. 920(2). We find none.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA R.S. 14:67:
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misapproriation or taking is essential_”

. LSA R.S. 14:108 provides, in pertinent part: "Resisting an officer is the intentional opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase 'obstruction of’ as used herein shall in addition to its common meaning, signification and connotation mean the following:
******
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer..