ROGERS, Justice.
 

 In a bill of information containing two counts, John Vaccaro was charged with the unlawful possession of marijuana in violation of the Uniform Narcotic Drug Act, Act No. 14 of the Second Extra Session of 1934. He was tried and found guilty as charged. Thereafter the State filed a bill of information against' Vaccaro based on Act No. 15 of 1928, charging that he was a triple offender in that he had been twice previously convicted in the United States District Court at New Orleans for violating Federal laws covering narcotic drugs. Defendant filed an original and a supplemental motion to quash this information, on the ground that the felonies for which he was convicted in the Federal court could not serve as a basis for the proceeding under the provisions of Act No. 15 of 1928. Defendant’s motions to quash were overruled by the trial judge.
 

 On arraignment defendant pleaded not guilty to the charge that he was a triple offender. Defendant then was tried and convicted on the charge 'and, as a triple offender, was sentenced to serve ten to twenty years at hard labor in the State penitentiary. Defendant has appealed from his conviction and sentence.
 

 Defendant has abandoned the complaints embodied in his bills of exception reserved during the trial in the district court. His sole complaint in this Court is directed at the rulings made by the trial judge in connection with the bill of information based on the multiple penalty statute.
 

 In order to support the. charge that defendant is a triple offender, the State offered in evidence certified copies of the bills of indictment and extracts of the minute entries in the United States District Court for the Eastern District of Louisiana showing the indictments, convictions and sentences of defendant for the violation of Federal laws covering narcotic drugs.
 

 Section 1 of Act No. 15 of 1928, the multiple penalty statute, reads in part as follows:
 

 “Be it enacted by the Legislature of Louisiana, Thát any person who, after having been convicted, within this State, of a felony or of an attempt to commit a felony, or who, after having been convicted under the laws of any other state,' government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, upon conviction of such second offense, shall be punished as follows: * * * ”
 

 It is apparent under the express wording of the section that the conviction and sentence of defendant as a triple offender can
 
 *480
 
 not be sustained unless the felonies for which he was convicted and sentenced under the laws of the United States would also constitute felonies under the laws of this State.
 

 The bill of information under which the State asks that defendant be punished as a triple offender is based on defendant’s prior convictions in 1937 and 1938 in the United States District Court at New Orleans on defendant’s pleas of guilty to indictments numbers 18,999 and 18,608 which, for convenience, are hereafter respectively designated as Indictment No. 1 and Indictment No. 2.
 

 Indictment No. 1 contains two counts and Indictment No. 2 contains four counts. Of the six counts in the two indictments five charge violations of the Harrison Narcotic Drug Act, Title 26, U.S.C.A. Int.Rev.Code, § 2550 et seq., and one the violation of the Narcotic Drugs Import and Export Act, Title 21 U.S.C.A. § 174. The latter charge is embraced in count 2 of Indictment No. 1.
 

 The conviction of defendant for violating an export and import law of the United States is not sufficient to bring him within the terms of the multiple penalty statute of this State. Louisiana has no control nor jurisdiction over imports and exports, and therefore has not attempted to regulate such matters by law and to make their violations felonies.
 

 In Count No. 1 of Indictment No. 1, defendant was charged with the violation of Section 1 of the Harrison Narcotic Drug Act. That section makes it unlawful for any person to purchase, sell, dispense or distribute any of the named narcotic drugs except in or from the original stamped package, and the absence of any appropriate tax paid stamps from any of the drugs is made prima facie evidence of the violation of the section by the person in whose possession the drug may be found. Title 26 U.S.C.A. Int.Rev.Code, § 2553.
 

 The first count in Indictment No. 1 charges that the defendant "did then and there unlawfully, knowingly, wilfully and feloniously purchase from some person or persons unknown to your Grand Jurors, a certain compound, manufacture, remedy, derivative and preparation of opium, to-wit: approximately one thousand four (1004) grains of heroin hydrochloride, the said heroin hydrochloride not being in or from the original stamped package and. the said defendant not' having purchased or obtained the same as authorized and provided in any of the exceptions or exemptions contained in Section One of the Act of Congress approved December 17, 1914. as amended; * *
 

 In the four counts of Indictment No. 2,. defendant was charged with the violation of Section 2 of the Harrison Act. That section makes it unlawful for any person to sell, barter, exchange, or give away any of the narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue. Title 26, U.S.C.A. Int. Rev.Code, §§ 2554, 2606.
 

 Each of the four counts of Indictment No. 2 is identical with the others, except
 
 *482
 
 as to the dates. The first count charges that the defendant “did then and there unlawfully, knowingly, fraudulently and feloniously sell, barter, exchange and give away to one Robert Burns a certain compound, manufacture, remedy, derivative, and preparationi of opium, to-wit: 47 grains of heroin hydrochloride which said sale, bartering and giving away of said heroin hydrochloride aforesaid .was not made in pursuance of a written order of the said Robert Burns to the said John Vaccaro on a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States, as required by the Act of Congress approved Dec. 17, 1914, as amended.”
 

 It will be noted that the first count of Indictment No. 1 charges the violation of Section 1 of the Harrison Act, and that the crime created and defined by that section is the purchase of narcotics not in or from the original stamped package. It will be further noted that the four counts of Indictment No. 2 charge violations of Section 2 of the Harrison Act, and that the crime created and defined in that section is selling narcotics in addition to the absence .of the order form requirement. As a result of the transactions set forth in the indictments, defendant necessarily obtained possession of the narcotics which were the subject thereof. The trial judge, in overruling defendant’s motions to quash, held that this possession was illegal under the State act, “possession being one of the necessary elements of the crime under the Federal as well as the State statutes involved.”
 

 Under the express provisions of Section 1 of the Harrison Act, the possession of unstamped narcotics is made prima facie evidence that the possessor purchased the drug and that the purchase was not made in or from an original stamped package. The crime consists of the purchase of the drug in or from an unstamped package, not in possessing the drug. Possession is not one of the elements of the crime. It is merely evidence of the commission of the crime. The same thing may be said of Section 2 of the Harrison Act. Under the terms of that section the crime consists of the sale of the drug without an order of the purchaser issued on the form provided for that purpose. Possession is not one of the elements of the crime. It is not even prima facie evidence of the commission of the crime.
 

 The Harrison Act is not a narcotic law. It is a revenue law which Congress has made effective by providing that a violation of any provision of the law shall be a crime. United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061; United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493; United States v. Jin Fuey Moy, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214; United States v. Wong Sing, 260 U.S. 18, 43 S.Ct. 7, 67 L.Ed. 105; and Alston v. United States, 274 U.S. 289, 47 S.Ct. 634, 71 L.Ed. 1052.
 

 Act No. 15 of 1928 defines a multiple offender as one who has “been convicted under the laws of any other state, government or country, of a crime which, if committed within this State, would be a felony.” In order to bring the defendant within the
 
 *484
 
 terms of Act No. 15 of 1928, the crimes created and defined by the United States, statutes, for which defendant' was convicted in the United States court, must be felonies under the laws of Louisiana.
 

 As we have pointed out, defendant’s conviction for the violation of the Narcotic Drugs Import and Export Law can not be a felony under the laws of Louisiana, because Louisiana has not created, and has no power to create, such a felony.
 

 Act No. 14 of the Second Extra Session of 1934, for the violation of which defendant was convicted and sentenced as a triple offender, is not a revenue act but is a narcotic act. The Harrison Act relates solely and only to the tax on narcotics and the tax on persons dealing in narcotics. Act No. 14 of the Second Extra Session of 1934 relates to narcotic transactions themselves, as narcotic transactions, and without reference or regard to whether the State or Federal tax on narcotics and the tax on the person dealing in narcotics is or is not paid. A person guilty of a tax crime under the Federal statute would not be guilty of a narcotic crime under the State Statute and vice versa.
 

 Counsel for the State have cite'd a number of decisions from other state courts holding generally that a prior conviction, in a Federal court sitting in the same state of a crime denounced not only by the Federal law but also by that of the state, will support an enhanced penally for a later conviction of another offense. This principle of law is well-recognized, but it is not applicable to this case because here the crimes denounced by the Federal laws for which defendant was convicted are not denounced as crimes by the laws of this State. Counsel for the State have also cited in support of their contentions the cases of People v. Bigelow, 94 Cal.App. 28, 270 P. 460, decided by the District Court of Appeal, Second District, Division 1, California, and People v. Sassone, Co.Ct., 12 N.Y.S.2d 473.
 

 An examination of the court’s opinion in the Bigelow case shows that Bigelow was convicted of violating the State Poison Act and, because of his prior conviction in the Federal Court for violating the Harrison Narcotic Act, he was given the enhanced penalty provided for a person previously convicted of a felony. The Court [94 Cal.App. 28, 270 P. 461] assigned the following reasons for its holding, viz.: “While the so-called State Poison Act * * * is not the exact counterpart of the Harrison Narcotic Act, in its substance, in part, it denounces the same general conduct, and provides various penalties for the infraction thereof * *
 

 In this State a crime denounced by one statute is not a crime under another statute not its exact counterpart which, in substance, in part, denounces the same general conduct and provides penalties for the infraction thereof. In this State all crimes are statutory and the determination and definition of the acts which are punishable as crimes are purely legislative functions. State v. Comeaux, 131 La. 930, 60 So. 620. Nothing is punishable in this State which is not made an offense and the punishment of which is not provided by legislative authority.
 

 
 *486
 
 Unless an act can be brought within the meaning of the words of the statute, it is not a crime, though it comes within the mischief sought to be remedied by the statute, and is of equal atrocity with the acts enumerated by the statute. State v. Fontenot, 112 La. 628, 36 So. 630; State v. Trapp, 140 La. 425, 73 So. 255; and State v. Brinson, 149 La. 320, 80 So. 18.
 

 The opinion of the Court in the Sassone case supports the position assumed by the defendant rather than that assumed by the State in this case. In the Federal indictment, Sassone was charged with violating the Dyer Act, 18 U.S.C.A. § 408, in-two respects — one, transporting' a stolen automobile in interstate commerce; the other, receiving a stolen automobile, moving in interstate commerce,' knowing the same to have been stolen.
 

 As to the first alleged violation of the Dyer Act, the Court held that the prior conviction of Sassone in the Federal Court for transporting an automobile in interstate commerce did not make defendant, later convicted of another crime in New York, a second offender in New York, since the crime, if committed within that state, would not be a felony under its laws. As respects the prior conviction of Sassone in the Federal Court for receiving a stolen automobile moving in interstate commerce, the Court held that the conviction made Sassone, later convicted of another crime in New York, a second offender in New York, since receiving stolen .property, regardless of whether it' was in transit in interstate commerce, with knowledge that the property was stolen, would be a felony if done in that state. In other words, because the crime of receiving stolen goods was a crime under the state laws as well as the Federal laws, the Court upheld Sassone’s sentence under’ the state’s Habitual Criminal statute. In this case, however, the unlawful possession of a narcotic drug, which defendant was charged with under the state laws, was not an offense under the Federal laws.
 

 Counsel for the State have cited the case of State v. O’Day, 191 La. 380, 185 So. 290, as affording an excellent illustration of how this Court, in interpreting Act No. 15 of 1928, followed the line of reasoning contended for by the State in this case, i. e., “it considers what acts the defendant has been found guilty of committing in the foreign jurisdiction and asks itself the question: ‘Would these acts if committed within the jurisdiction of the statutes of the State of Louisiana constitute a felony in this State?’’ If the answer is yes and they find that the State has proven the acts actually done by the defendant in the foreign jurisdiction would be a felony if committed here, his conviction as a double or triple offender is affirmed, without regard to whether or not the statute violated in the foreign jurisdiction might have included certain acts which would not have been felonies if committed in Louisiana.”
 

 A consideration of the O'Day decision as a whole will show that this Court did not hold that, if O’Day committed in Canada an act which would not be a felony in Canada but would be a felony if committed in this State, it would make him a multiple
 
 *488
 
 ■offender within the terms of Act No. 15 of 1928. O’Day was charged by bill of information under Act No. 15 of 1928 as a third offender. One prior conviction alleged against him was "stealing an automobile in Canada of the value of $850.00,” which crime it was alleged Was a felony under our law. A reference to the Canadian “Theft Statute” defines two crimes, —larceny without asportation of the property, and larceny with asportation of the property. The bill of information did not allege nor did the proof show under which one of these crimes O’Day was convicted in Canada. If there was no asportation of the automobile by O’Day, he “stole the automobile” under the Canadian statute, but not under the Louisiana law. If there was an asportation, O’Day also “stole the automobile” under the Canadian statute, and such a “stealing” was a felony under the laws of this State. To bring O’Day within the terms of Act No. 15 of 1928, it was necessary to show that the larceny of the automobile in Canada was the larceny plus asportation crime. If this were done, it followed that O’Day was convicted of a felony under the laws of Canada which was also a felony under the plain terms of the Louisiana multiple penalty statute.
 

 The decision of the Court in the O’Day case does not sanction or even suggest that an element be extracted from the Canadian crime and direct that- if the element be a felony under the laws of Louisiana that Act No. 15 of 1928 is applicable. Neither does the opinion authorize the Court to extract from the Canadian crime an act and declare that if that act is a felony under the laws of Louisiana, Act No. 15 of 1928 is applicable.
 

 The import of the decision of this Court in the O’Day case is simply that the burden was on the State to show that O’Day committed such acts in Canada as would constitute the Canadian crime of larceny with asportation, and if that were done then the State would have shown that the crime committed by O’Day in Canada was the one of its two crimes of larceny which was a felony under the laws of this State.
 

 In State v. Brown, 175 La. 357, 143 So. 288, this Court held that an information merely alleging that accused had been convicted in Alabama for forgery in the second degree was insufficient to justify sentencing accused as a second offender because there is no offense in this State known as forgery in the second degree.
 

 In State v. Brown, 185 La. 855, 171 So. 55, this Court examined the Texas statute to ascertain the definition of what that state denominated Felony Theft and then compared the crime as defined by that statute with the laws of this State to ascertain if the Texas crime was a felony under the Louisiana laws. Finding this to be so, the Court affirmed the sentence of defendant as a third offender.
 

 Finally, counsel for the State say that certain provisions of Act No. 14 of the Second Extra Session of 1934 show the members of the Legislature considered that the statute covered the same acts or omissions covered by the Harrison Narcotic Act at that time. Those provisions provide that certain classes of persons, such as
 
 *490
 
 ■doctors, dentists and pharmacists, etc., may legally possess narcotics if they are properly licensed to do so by the Federal authorities, and that the exemptions need not be negatived in the bill of information. The statute also provides in Section 21 that no person shall be prosecuted for the violation of any provisions of the act if such person has been acquitted or convicted under the Federal narcotic laws of the same act or omission which it is alleged constitutes a violation of the State act.
 

 Act No. 14 of the Second Extra Session of 1934 is the Uniform Narcotic Drug Act which has been adopted in the same form, not only in Louisiana, but also in a number of other states. In adopting this statute, the Legislature did not provide, nor could it provide, in general terms that violations of the Federal laws should constitute violations of State laws. Unless the narcotic offenses denounced and punished under the laws of the United States are also denounced and punished tinder the State narcotic law, it can not be successfully argued that the State statute covers the same acts or omissions cowered by the Federal Narcotic Act. All that Section 21 of Act No. 14 of the Second Extra Session of 1934 means, or could mean, is that if a person is convicted or acquitted of an act or omission which is made a crime under the Federal narcotic laws, he can not be prosecuted under the State statute if the same act or omission is also made a crime by that law. In the instant case, as we have shown, the crimes with which defendant was charged and convicted in the Federal court are not crimes with which he could be charged and convicted in the State court.
 

 To apply Act No. 15 of 1928 as counsel for the State would have this Court apply it in this case, would require us to hold that the provisions of the act must apply to the elements of a crime as well as to the crime itself. Act No. 15 of 1928 says nothing whatever about the element of a crime in another state, country or government as being also an element of a crime committed in this State. There is a vast difference between the element of a crime and the crime as made up of all the elements necessary to constitute the crime. The provisions of Act No. 15 of 1928 can not be extended to embrace elements of crimes, as well as the crimes themselves. Nor can this Court hold that because a crime, under the laws of the United States and a crime under the laws of this. State possess 'a common element, that they must therefore be considered as identical crimes.
 

 For the reasons assigned, the conviction of the defendant, John Vaccaro, is affirmed, but defendant’s sentence as a triple offender is annulled, and the case is re-' manded to the district court in order that defendant may be resentenced according to law.