618 So.2d 880 (1993)
STATE of Louisiana
v.
Michael Shane CAROUTHERS.
No. 92-K-3158.
Supreme Court of Louisiana.
May 24, 1993.
*881 David Jefferson Williams, Lake Charles, for applicant.
Richard P. Ieyoub, Atty. Gen., Hon. Robert "Rick" Bryant, Dist. Atty., Todd S. Clemons, Paul P. Reggie, Lake Charles, for respondent.
PER CURIAM:[*]
The defendant was tried and convicted by a jury of distribution of cocaine and possession of cocaine with the intent to distribute, in violation of La.R.S. 40:967 B(1). The trial court thereafter adjudicated the defendant a third felony offender on the basis of his prior convictions in Texas and sentenced him under the provisions of R.S. 15:529.1 A(2)(b) to a term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, the Third Circuit reversed the defendant's conviction for distribution of cocaine but affirmed his conviction for possession of cocaine with the intent to distribute and his multiple offender sentence. State v. Carouthers, 607 So.2d 1018 (La.App. 3rd Cir.1992). We granted writs, 613 So.2d 983 (La.1992), to consider the defendant's argument that the law of Louisiana, not Texas, determines whether he had been previously convicted of crimes "punishable by imprisonment for more than twelve years" for purposes of La.R.S. 15:529.1 A(2)(b). We hold that Louisiana law determines the seriousness of the prior convictions and vacate the defendant's sentence accordingly.
The trial court adjudicated the defendant a third offender on the basis of his prior conviction for robbery with bodily injury in Texas in 1985 and his subsequent convictions in that state on two counts of burglary of a habitation in 1989. Documents provided by Texas authorities established that the latter two convictions involved conduct charged as part of the same transaction. The convictions therefore constituted a single offense for purposes of La.R.S. 15:529.1. State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991). On the basis of testimony from a local attorney with some experience in Texas law, and a copy of the pertinent provisions in Tex.Penal Code Ann. §§ 12.32-12.33; 29.01-30.02 (Vernon 1989), the trial court concluded that Texas classified the robbery and burglary offenses as second degree felonies punishable by a sentence in the Texas Department *882 of Corrections for a term from two to twenty years. The court therefore determined that the defendant had been convicted of at least three felonies punishable by a sentence of more than twelve years in the penitentiary, including his most recent Louisiana drug offenses, treated as a single crime under Porter. The court imposed a life sentence accordingly.
La.R.S. 15:529.1 A(2)(b) provides that "[i]f the third felony and each of the two prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence." We have interpreted this statute on one prior occasion. In State v. Simmons, 422 So.2d 138 (La.1982), this Court held that a conviction for attempted simple burglary of a pharmacy in violation of La. R.S. 14:27; 14:62.1 did not qualify as one of the enumerated offenses under subsection A(2)(b). Rejecting the state's argument that the facts clearly showed that an actual burglary, rather than simply an attempt, had been committed, the Court read the statute literally to require "that the conviction must be that of simple burglary of a pharmacy, not the lesser crime of attempted simple burglary of a pharmacy." Id., 422 So.2d at 147. "The language of the Habitual Offender Law," Simmons observes, "must be strictly construed." Id.
R.S. 15:529.1 A generally provides that the state may enhance the defendant's sentence on the basis of convictions from another state or under federal law only for offenses which "if committed in this state would be a felony." The statute requires Louisiana courts to determine the analogous state crime according to the nature of the act involved, not the penalty provided for the offense in the foreign jurisdiction. State v. Berndt, 416 So.2d 56 (La.1982). The rule disqualifies even serious federal felony offenses from use under R.S. 15:529.1 when the conduct charged would constitute only a misdemeanor offense under analogous Louisiana law. See State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La. 1982); State v. Berndt, supra; State v. Molinario, 383 So.2d 345 (La.1980); State v. Singleton, 352 So.2d 191 (La.1977).
In the absence of clearly expressed legislative intent, this Court will resolve any doubt or ambiguity in favor of lenity and "the most narrow application when there are serious doubts concerning a meaning of a [statutory] term." State v. Ritchie, 590 So.2d 1139, 1149, n. 6 (La.1991) (on rehearing); State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992). When it added subsection A(2)(b) to the multiple offender law in 1977, the legislature provided no clear indication that it had departed from the general rule of Section A using Louisiana law to determine the seriousness of the defendant's prior convictions according to the nature of the conduct charged. Given the severe sanction of a mandatory life term at hard labor without benefit of parole, probation or suspension of sentence, strict construction of R.S. 15:529.1 A(2)(b) dictates a similar rule that the state may not use a prior conviction from a foreign jurisdiction unless the analogous conduct under Louisiana law would constitute a felony punishable by a sentence of more than twelve years at hard labor.
Texas classifies robbery as an offense against property, and punishes it as either a felony in the first or second degree depending on whether the offender has caused "serious bodily injury" or used a dangerous weapon (first degree) or caused or threatened bodily injury (second degree). Tex.Penal Code Ann. §§ 29.02-29.03 (Vernon 1989). The Texas records introduced at the multiple offender hearing indicated that the defendant had been convicted of robbery "with bodily injury" in 1985. As the trial court found, defendant appears to have been convicted of a felony in the second degree, the equivalent of Louisiana's simple robbery. La.R.S. 14:65. Burglary of a habitation, or the unauthorized entry of a habitation or building with the intent to commit a felony or theft, Tex.Penal Code Ann. § 30.02 is directly comparable to Louisiana's crime of simple burglary in violation of R.S. 14:62. Neither offense *883 is punishable in Louisiana by a sentence of more than 12 years at hard labor.
Accordingly, while the evidence introduced at the multiple hearing supported the trial court's adjudication of the defendant as a third offender, it did not justify the sentence imposed. The defendant's term of life imprisonment at hard labor is vacated and this case is remanded for resentencing of the defendant as a third offender pursuant to R.S. 15:529.1 A(2)(a).
SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT FOR RESENTENCING.
WATSON, J., dissents.
NOTES
[*] Pursuant to Rule IV, Part 2, Sec. 3, Ortique, J., was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).