JONES, Judge.
Relator, The State of Louisiana, seeks this Court’s supervisory jurisdiction regarding the judgment of the trial court finding that the respondent, George Dawson, was not a multiple offender as defined in LSA-15:529.1. Following our review, we affirm the judgment of the trial court.

FACTS

George Dawson was charged with possession of cocaine with the intent to distribute, a violation of LSA-R.S. 40:966. Dawson initially pled not guilty to the charge, and later withdrew his plea of not guilty and entered a plea of guilty as charged. The trial court then ordered a pre-sentencing investigation and scheduled a hearing date for sentencing. On September 9, 1999, the trial court sentenced Dawson to serve seven years at hard labor.
Subsequently, the State filed a multiple bill of information against Dawson, alleg *333 ing that he was a second-felony offender based upon a conviction he received in Georgia. The predicate offense was a conviction of theft by receiving stolen | ¡.property. Following two separate hearings on the multiple bill, the trial court found that Dawson was not a multiple offender and reinstated the original sentence. From this judgment, the State filed the instant supervisory writ application.
In the case sub judice, the trial court reasoned that the State had to prove, through competent evidence, the value of the stolen goods in the predicate offense otherwise the offense would be categorized as a misdemeanor. Here, the State attempted to introduce a police report executed in Georgia and documents from the New Orleans Police Department, which estimated the value of the stolen vehicle at $5,000. The trial court ruled that the documents were inadmissible since the value of the stolen property was not included in the bill of indictment from Georgia. Therefore, the trial court found that the Georgia conviction was no more than a misdemeanor offense and could not be used to enhance Dawson’s punishment for the Louisiana conviction. We agree.
Ga.Code Ann. § 16-8-7, provided in pertinent part:
(a) A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. “Receiving” means acquiring possession or control or lending on the security of the property.
(b) In any prosecution under this Code section it shall not be necessary to show a conviction of the principal theft.
Unlike Louisiana’s analogous statute, LSA-R.S. 14:69, the Georgia statute does not require that the value of the “alleged” stolen goods be proven in order for the Iscourt to determine the penalty to be assessed against a convicted thief. Therefore, it is not possible to ascertain whether the Georgia offense in the instant matter was a felony or misdemeanor since all that was needed for a conviction was evidence of possession of the stolen goods. On the other hand, our statute [LSA-R.S. 14:69] requires more specificity as to the value of the stolen goods before a felony conviction is completed.
In State v. Carouthers, 618 So.2d 880 (La.1993), our Supreme Court previously ruled on the issue of sentence enhancement for convictions from foreign jurisdictions. The Supreme Court opined that the multiple bill statute allows Louisiana’s courts to enhance the defendant’s sentence on the basis of convictions from another state or under federal law when the convictions would otherwise be classified as felonies if they were committed in this state. See Carouthers, 618 So.2d at 882. The statute requires Louisiana courts to determine the analogous state crime according to the nature of the act involved, not the penalty provided for the offense in the foreign jurisdiction. Id; see also State v. Berndt, 416 So.2d 56 (La.1982); and State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982). Additionally, we decline to follow the Third Circuit’s holding in State in Interest of B.J., 617 So.2d 238, since the State herein did not present any credible, admissible evidence to support its estimation of the vehicle’s value.
Having found that the value of the stolen property is an integral part of the classification of the offense under LSA-R.S. 14:69, we conclude that the trial court |4was not clearly wrong in dismissing the multiple bill and reinstating its original sentence. Accordingly, relator’s writ application is denied.

WRIT APPLICATION DENIED.

BYRNES, J., DISSENTS WITH REASONS.