WEIMER, Justice.[1]
_JjWe granted certiorari in this case to consider the criteria by which the courts of this state are to evaluate a criminal defendant’s previous conviction in a foreign jurisdiction during a habitual offender adjudication under La. R.S. 15:529.1(A). When a predicate offense does not necessarily include conduct criminal under Louisiana law, the conviction cannot lead to an enhanced penalty. In determining whether the predicate offense satisfies this criteria, courts are not confined to an examination of the applicable laws and the charging instrument of the foreign jurisdiction. Rather, when, as in this matter, there is information from the foreign proceeding available in the record that clearly establishes that the crime for which the defendant was convicted in a foreign jurisdiction would be a felony if committed in this state, courts are required to consider all of the available information in the record in deciding whether the foreign “crime which, if committed in this state would be a felony.” See La. R.S. 15:529.1(A). Because the trial court unduly limited its review pin this matter to the applicable criminal laws and the charging instrument, we conclude that the trial court legally erred in quashing the state’s habitual offender bill. Therefore, we reverse the decision of the appellate court, vacate the trial court’s judgment granting defendant’s motion to quash, and remand this matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On December 14, 2010, Mazen Hamdan (defendant) was charged with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. The bill of information states that defendant was previously convicted in Orleans Parish of possession of heroin and possession of methadone, which were used in the trial for the underlying weapon offense. A jury found defendant guilty as charged, and he was sentenced to serve 10 years -of imprisonment at hard labor.
On the day of the sentencing hearing, the state filed a habitual offender bill of *814 information alleging that defendant’s sentence should be enhanced under La. R.S. 15:529.1(A)(1) due to his prior guilty plea in federal court to interstate transportation of stolen property, a violation of 18 U.S.C. § 2314. Defendant then filed a motion to quash the habitual offender bill in which he contended that the predicate offense alleged by the state had no felony equivalent in Louisiana. Defendant also alleged that the charging instrument in the federal prosecution did not indicate whether he actually possessed the stolen property or simply arranged for its transportation. The state opposed the motion to quash, contending that an equivalent offense exists under state law, that is, illegal possession of stolen things. See La. R.S. 14:69. The state observed that the factual basis.for the federal plea established that defendant knowingly and personally transported stolen construction equipment that he intended to sell for $13,000.
13At the hearing on the motion to quash, the state offered into evidence the indictment and criminal complaint related to defendant’s federal conviction and a supporting affidavit by a special agent for the Federal Bureau of Investigation (FBI). The state also introduced the “Factual Basis” statement, signed by defendant, defense counsel, and an Assistant United States Attorney, which had been filed in the federal proceeding.
The federal complaint contained an allegation that on or about February 2, 2007, defendant “did ... transport in interstate commerce, goods of a value of $5,000 or more, to-wit: a T180 Bobcat and trailer, knowing the same to have been stolen, converted, or taken by fraud, in violation of Title 18 United States Code, Section[ ] 2314.” In the attached supporting affidavit, the FBI special agent stated: a cooperating witness reported that defendant offered to sell stolen equipment, including two Bobcats and one trailer, for $13,000; a sale price of $8,000 was eventually negotiated; defendant agreed to transport the T180 Bobcat to Mississippi for an additional $1,000; and defendant arrived at a Mississippi rest stop as agreed.
The federal indictment provided:
On or about February 2, 2006, in the Eastern District of Louisiana, the defendant, Mazen Hamdan, did unlawfully transport and cause to be transported in interstate commerce from the State of Louisiana, to the State of Mississippi, goods taken by theft, to wit, a T180 Bobcat and trailer, serial number 527513812, of the value of $5,000 or more, knowing the same to have been taken by theft, in violation of Title 18, United States Code, Section 2314.
The “Factual Basis” statement indicates that the following would have been proven at trial. A cooperating witness reported to the FBI on January 30, 2007, that defendant offered to sell stolen equipment for $13,000. The equipment was described as a used T180 Bobcat, a used trailer, and a used 773 Bobcat with a Bush Hog. The cooperating witness met with defendant in New Orleans, Louisiana, and indicated |4that the equipment was located near the 3300 block of Liberty Street close to Louisiana Avenue. On January 31, 2007, the cooperating witness and a task force officer (officer) went to the Liberty Street location and observed a T180 Bobcat, serial number 527513812, which was later identified as stolen. During a telephone conversation, defendant agreed to meet at a gas station in Gretna, Louisiana, to view other equipment that was for sale. From there, the parties all traveled to Harvey, Louisiana, where additional equipment was viewed. Defendant informed his potential buyers that the T180 Bobcat had been stolen from a New Orleans construction site. During a telephone conversation on *815 February 1, 2007, the officer and defendant negotiated a purchase price of $8,000 for the T180 Bobcat and the trailer, with defendant agreeing to transport the Bobcat to Mississippi and deliver it to the officer’s representative for an additional $1,000. As agreed, defendant arrived at a highway rest area in Mississippi with the stolen T180 Bobcat the next day where he met with the officer’s representative. Defendant then informed the officer by telephone that he would release the Bobcat to the officer’s representative after $9,000 was delivered to defendant’s brother, who would be driving a white van, at the Gret-na gas station where they had previously met. About an hour later, the officer met defendant’s brother as instructed and arrested him. The Bobcat was recovered and determined to have been reported stolen in New Orleans on January 17, 2007. The value of the Bobcat was stipulated to be more than $10,000, but less than $30,000.
At the motion hearing in this matter, defendant argued that the trial court should only consider the allegations in the federal charging instrument in determining whether there is an analogous criminal provision under state law. The state disagreed. However, if the analysis should be so confined, the state observed that the allegation in the charging instrument that defendant knowingly transported goods | ¡¡taken by theft suffices because the transportation was an act of dominion and control that amounts to constructive, if not actual, possession.
After the hearing, the trial court quashed the habitual offender bill, resulting in the state applying for review from the court of appeal. In denying the state’s writ application, the appellate court rejected the state’s contention that 18 U.S.C. § 2314, pertaining to the transportation in interstate commerce of goods valued at $5,000 or more with knowledge that the goods have been stolen, is analogous to La. R.S. 14:69, pertaining to illegal possession of stolen things. The court noted possession is not an element of 18 U.S.C. § 2314, which does not require that a person actually transport anything himself. See State v. Hamdan, No. 12-0746, p. 9 (La.App. 4 Cir. 8/10/12) (unpublished). The federal indictment contained an alternative allegation that defendant merely arranged for the transportation. Id. According to the court of appeal, a violation of the federal statute could occur in a manner that could constitute illegal possession of stolen things under state law or in a manner that would not violate the state law. See Id., 12-0746 at 9-10. Because 18 U.S.C. § 2314 does not contain an element of possession, the court of appeal found no error in the trial court’s ruling. See Id., 12-0746 at 12. However, the appellate court acknowledged that the factual basis statement to which defendant subscribed when pleading guilty in federal court indicated “[wjithout question ... the offense, to which the defendant admitted committing when he pled guilty, constituted both transportation of stolen property across state lines, a violation of 18 U.S.C. § 2314, and constituted the crime of illegal possession of stolen things, a violation of La. R.S. 14:69.” Id., 12-0746 at 11. Nonetheless, the appellate court found the fact that 18 U.S.C § 2314 does not require proof of possession to be dispositive of the issue presented in this case. See Id., 12-0746 at 12.
|r,A concurring judge opined that transportation under 18 U.S.C. § 2314 necessarily involves at least attempted constructive possession. See Hamdan, 12-0746 at 1 (Bonin, J., concurring), citing La. R.S. 14:27(D)(a)-(b); La. R.S. 14:2(A)(4) & (6). According to the concurrence, because an attempt to receive • stolen things under state law is a one-year misdemeanor, such *816 a conviction could not be used to enhance punishment under La. R.S. 15:529.1(A). Hamdan, 12-0746 at 1 (Bonin, J., concurring).
The state applied to this court for discretionary review, contending the violation of 18 U.S.C. § 2314, as shown by the evidence in the record, would be prosecutable in Louisiana, if committed here, as a violation of La. R.S. 14:69 and, therefore, the trial court erred in quashing the habitual offender bill of information. The state observes that the factual basis for the guilty plea in federal court established that defendant knowingly and personally transported stolen construction equipment, ie., he had actual possession of the stolen property. According to the state, the fact that the federal provision contains an additional element of interstate commerce is irrelevant to the analysis, as is the fact that there may be other federal offenses that more closely correspond to La. R.S. 14:69. The state further argues that the allegations in the federal charging instrument can only be accomplished by possession (whether actual or constructive). This court granted the state’s application to consider the criteria by which the courts of this state are to evaluate a criminal defendant’s previous conviction from a foreign jurisdiction in a habitual offender adjudication under La. R.S. 15:529.1(A). See State v. Hamdan, 12-1986 (La.12/14/12), 104 So.3d 425. On appeal from the trial court’s ruling on a motion to quash, the trial court’s legal findings are subject to a de novo standard of review. See State v. Smith, 99-0606, 99-2094, 99-2015, 99-2019 (La.7/6/00), 766 So.2d 501, 504.
DISCUSSION
Concerning sentences for second and subsequent offenses, La. R.S. 15:529.1(A), in pertinent part, provides:
Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows....
A proceeding by the state under La. R.S. 15:529.1(A) to have a defendant sentenced as a second or third offender is in the nature of a criminal prosecution, and the burden is on the state to prove the charges in the indictment. See State v. O’Day, 191 La. 380, 185 So. 290, 292 (1938). Thus, where the state alleges the defendant had been previously prosecuted and convicted of crimes committed in another jurisdiction, the state must allege and prove that those crimes, if committed in this state, would be felonies under Louisiana law.[2] See Id. at 293. The habitual offender statute “requires Louisiana courts to determine the analogous state crime according to the nature of the act involved, not the penalty provided for the offense in the foreign jurisdiction.” State v. Carouthers, 618 So.2d 880, 882 (La.1993), citing State v. Berndt, 416 So.2d 56, 59 n. 4 (La.1982).
In this case, the predicate foreign offense was the interstate transportation of stolen property, a violation of 18 U.S.C. § 2314, which, in pertinent part, provides:
Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the |svalue of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud....
*817 The elements of this federal offense include: “(1) the interstate or foreign transportation of; (2) goods, merchandise, wares, money, or securities valued at $5,000 or more; (8) with knowledge that such items ‘have been stolen, converted, or taken by fraud.’ ” U.S. v. McIntosh, 280 F.3d 479, 483 (5th Cir.2002), citing Dowling v. United States, 473 U.S. 207, 214, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985). To establish a violation of 18 U.S.C. § 2314, it is not necessary to show that a defendant actually transported anything himself; causing interstate transportation is sufficient under 18 U.S.C.A. § 2314. McIntosh, 280 F.3d at 483, citing Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954), and Hubsch v. United States, 256 F.2d 820, 822 (5th Cir.1958).
The state likens the predicate federal offense to the state felony offense of illegal possession of stolen things, a violation of La. R.S. 14:69, which at the time of defendant’s commission of the federal offense, in pertinent part, provided:[3]
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
The issue of whether a conviction under 18 U.S.C. § 2314 can be used as a predicate felony under Louisiana’s habitual offender statute has not been specifically addressed by this court.
|aThe criteria by which the courts of this state evaluate a criminal defendant’s previous convictions from foreign jurisdictions for purpose of enhancing the defendant’s sentence was examined by this court in State v. Vaccaro, 200 La. 475, 8 So.2d 299 (1942). In Vaccaro, this court appeared to require a one-to-one correspondence between the elements of the federal and state laws being compared. Nonetheless, Vaccaro has never been cited for that proposition, but, instead, has been cited for its more general statement that a crime is punishable in Louisiana only if it is made so by statute. See, e.g., State v. Taylor, 463 So.2d 1274, 1276 (La.1985). Notably, Vaccaro involved convictions under federal laws governing the exporting and importing of narcotic drugs, the taxation of narcotic transactions, and the taxation of persons dealing in narcotics for which no comparable laws existed in Louisiana. See Vaccaro, 8 So.2d at 300-01.
Also pertinent to the evaluation of predicate federal offenses in a habitual offender proceeding are this court’s decisions in State v. Ralph, 336 So.2d 836 (La.1976); State v. Molinario, 383 So.2d 345 (La.1980), cert. denied, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980); and State v. Michalowski, 94-1479 (La.9/23/94), 642 So.2d 1305. Notably, none of these eases mention Vaccaro.
In Ralph, this court considered whether a federal conviction for the transportation of a stolen motor vehicle in interstate com *818 merce, a violation of 18 U.S.C. § 2312,[4] could be used as a predicate felony under the state habitual offender statute. Because the offense constituted a felony under federal law, this court (without examining the offense itself) found that the requirements of La. R.S. 14:p.5:529.1in were satisfied. See Ralph, 336 So.2d at 840. Subsequently, in Bemdt, which involved a guilty plea in federal court to the crime of possession of stolen mail (a violation of 18 U.S.C. § 1708), this court found that it had erred in Ralph by examining the penalty provision of the crime rather than the crime itself. See Berndt, 416 So.2d at 59 n. 4; see also Carouthers, 618 So.2d at 882.
Later, in Molinano, this court recognized that there is “no state offense analogous to the federal offense [in Ralph ], viz., transportation of a stolen motor vehicle in interstate commerce.” Molinario, 383 So.2d at 352. A comparison of the applicable federal and state laws in Ralph, 18 U.S.C. § 2312, and La. R.S. 14:69 (possession of stolen goods) reveals the lack of a one-to-one correspondence between the elements of these crimes. However, nothing in the Ralph opinion indicates any evidence was offered from the federal proceeding to establish possession.[5]
Michalowski involved a conviction in federal court under 18 U.S.C. § 922(g)(1),[6] which proscribes the interstate transportation of firearms by a convicted felon. Michalowski, 642 So.2d 1305, citing State v. Michalowski, 93-2314 (La.App. 4 Cir. 5/13/94) (unpublished writ action). In Mi-chalowski, the trial court granted the defendant’s motion to quash holding that the federal offense was not | n analogous to the Louisiana crime of possession of a firearm by a convicted felon (a violation of La. R.S. 14:95.1),[7] because the added element of interstate transportation in Section *819 922(g)(1) had no statutory counterpart in the Louisiana Criminal Code. See Michalowski, 93-2814 at 2. Finding the crimes to be analogous despite the interstate- commerce element contained in the federal law, the appellate court reversed the ruling of the trial court. Id. at. 3-4. Since the federal conviction in Michalowski simply required proof of shipping and transporting and did not require proof of possession as required for a conviction under La. R.S. 14:95.1, this court vacated the appellate court’s decision and reinstated the trial court’s judgment, which granted the defendant’s motion to quash. Michalowski, 642 So.2d 1305, citing Michalowski, 93-2314 at 1 (Landrieu, J., dissenting). Relatedly, in State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272, 1290, cert. denied, 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996), this court interpreted Michalowski to mean that when the prior offense in a foreign jurisdiction for which a defendant was convicted does not necessarily include conduct criminal under Louisiana law, that conviction cannot lead to an enhanced penalty.
Thus, this body of jurisprudence establishes a general proposition that, to satisfy the requirements of La. R.S. 15:529.1, the state must show that defendant’s | ^foreign ci’ime (in this case “interstate transportation of stolen property” in violation of 18 U.S.C. § 2314) would be a felony if committed in Louisiana. See O’Day, 185 So. at 293, citing State v. Brown, 175 La. 357, 143 So. 288 (1932). According to Carouth-ers and Bemdt, the determination of this issue must be made based on an examination of the crime itself or the nature of the acts involved. See Carouthers, 618 So.2d at 882; Berndt, 416 So.2d at 59.
Arguing that 18 U.S.C. § 2314 does not require proof of possession of the stolen good, defendant urges the predicate federal crime does not necessarily include conduct criminal under La. R.S. 14:69. See Sanders, 648 So.2d at 1290; Michalowski, 642 So.2d 1305; see also State v. Sandoval, 09-0542 (La.App. 4 Cir. 2/8/10), 32 So.3d 914, 918 (“If the offense from the other state for which the defendant was convicted does not necessarily include conduct considered to be a felony under Louisiana law, that conviction cannot be used to enhance a subsequent felony under the habitual offender statute.”). We do not accept defendant’s argument. As it concerns control over stolen goods, the federal crime of transporting stolen goods has two routes to committing a violation. A person can either cause the goods to be transported or can transport the goods himself. See Pereira, 347 U.S. at 8, 74 S.Ct. 358. Under Louisiana law, if the defendant transports stolen goods himself, he has necessarily possessed them. Cf. State v. Pierce, 11-0095 (La.App. 4 Cir. 3/28/12), 89 So.3d 1, 8 (on reh’g), writ denied, 12-0860 (La.10/12/12), 99 So.3d 38 (holding that the defendant possessed a stolen automobile in which he was found sitting, not even driving).
Here, it was necessary for the trial court to look beyond the federal charging documents to ascertain which of the two routes defendant took in committing the crime of transporting stolen goods. Indeed, appellate courts in this state have | ^indicated that a court may look beyond the charging instrument and examine documents that establish the specific facts of a foreign offense to determine whether the crime “which, if committed in this state would be a felony[.]” See La. R.S. 15:529.1(A); State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 929, writs denied, 04-1640 (La.11/19/04), 888 So.2d 192, and 08-2370 (La.1/30/09), 999 So.2d 753 (finding an Ohio conviction justified an enhanced sentence, the court observed that the “documents [from the Dayton Munici *820 pal Court] appear to relate to the police investigation into a complaint of a felonious assault involving defendant [in Ohio].”); State v. Godfrey, 08-0828 (La.App. 3 Cir. 3/3/10), 32 So.3d 1020, 1023-24, writ denied, 10-0758 (La.10/29/10), 48 So.3d 1097 (commenting that, because the state introduced no evidence of the circumstances of the predicate offense, the court was “left with only the fact that the defendant was convicted of assaulting a Texas peace officer and causing him ‘bodily injury’ ”); State v. Mallett, 552 So.2d 28, 32 (La.App. 3 Cir.1989) (inferring the monetary value converted from the sentence imposed by the federal court). This court implicitly endorsed the practice of looking beyond the charging instrument in Carouthers and Bemdt by requiring an examination of the crime itself and the nature of the act involved. See Carouthers, 618 So.2d at 882; Berndt, 416 So.2d at 59 n. 4. Furthermore, there appears to be no impediment to such an endorsement in the language of La. R.S. 15:529.1(A).
In determining if La. R.S. 14:69 is analogous to 18 U.S.C. § 2314, the trial court in this case analyzed the language of the federal statute in the abstract without considering available information about the manner in which the statute was violated and the nature of the acts involved. To that extent, the ruling of the court below is somewhat anomalous, because the court below took a more confined view than the 114federal court accepting the guilty plea. It is axiomatic that analyzing whether conduct constitutes a crime requires evaluating the facts under the applicable law. As acknowledged by the appellate court, the documented materials submitted by the state in opposing defendant’s motion to quash, that is, the federal criminal complaint, the federal indictment, the supporting affidavit, and the “Factual Basis,” clearly establish that defendant intentionally possessed stolen items of substantial value, by personally transporting a Bobcat[8] known by him to have been stolen from a New Orleans job site across the state line into Mississippi where he delivered it to an undercover task force officer, which act, if committed in Louisiana, would constitute a felony violation of La. R.S. 14:69.[9] In light of this evidence, the lower courts erred in unduly restricting them examination under La. R.S. 15:529.1(A) to a review of the elements of 18 U.S.C. § 2314 and La. R.S. 14:69 and the federal charging instrument.
The state acknowledges that the added element of interstate transportation in 18 U.S.C. § 2314 has no statutory counterpart in the Louisiana Criminal Code. However, “[t]he sole reason for conditioning the federal statutefs] prohibitions on use of interstate commerce is to provide a constitutional basis for the exercise of federal power.” United States v. Roselli, 432 F.2d 879, 891 (9th Cir.1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 884, 27 L.Ed.2d 828 (1971). Concluding that the same criminal elements must exist under foreign and Louisiana laws would essentially prohibit any foreign conviction for a crime involving interstate commerce from being a predicate under La. R.S. 15:529.1. Such a conclusion would effectively eviscerate the habitual offender statute regarding federal offenses, a result incompatible with the express language of |15the statute which specifically references federal offenses. Notably, when given the opportu *821 nity in Michalowski to find that the interstate commerce element of the federal crime (interstate transportation of firearms by a convicted felon) prevented Louisiana’s crime of possession of a firearm by a convicted felon from serving as a predicate under La. R.S. 15:529.1(A), as found by the trial court, this court found no error in the trial court’s granting of the defendant’s motion to quash, but recited a different ground.
Admittedly, the elements of La. R.S. 14:69 more closely resemble the elements of the federal offense of the sale of stolen goods in violation of 18 U.S.C. § 2315, which, in pertinent part, provides:
Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more, or pledges or accepts as security for a loan any goods, wares, or merchandise, or securities, of the value of $500 or more, which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken....
Nonetheless, the test under La. R.S. 15:529.1 is whether the Louisiana law most analogous to the federal statute under which a prior conviction was obtained constitutes a felony. See State ex rel. Wilson v. Maggio, 422 So.2d 1121, 1123-24 (La.1982); State v. Brown, 452 So.2d 326, 329 (La.App. 4 Cir.1984). Here, La. R.S. 14:69 is the most analogous Louisiana criminal provision to 18 U.S.C. § 2314. The fact that La. R.S. 14:69 may be more analogous to 18 U.S.C. § 2315 than it is to 18 U.S.C. § 2314 is irrelevant to this court’s inquiry under La. R.S. 15:529.1(A), because defendant was convicted of violating 18 U.S.C. § 2314, not 18 U.S.C. § 2315.
| ^CONCLUSION
In summary, when, as in this matter, there is information from the foreign proceeding available in the record that clearly establishes that the crime for which the defendant was convicted in a foreign jurisdiction would be a felony if committed in this state, courts are required to consider all of the available information in the record in deciding whether the foreign “crime which, if committed in this state would be a felony.” See La. R.S. 15:529.1(A). Such an interpretation is consistent with Ca-rowthers’ pronouncement that La. R.S. 15:529.1(A) requires “Louisiana courts to determine the analogous state crime according to the nature of the act involved.” Emphasis added. See Carouthers, 618 So.2d at 882.
Based on our de novo review of the record, we conclude that the trial court legally erred in quashing the state’s habitual offender bill. See Smith, 766 So.2d at 504.
DECREE
For the foregoing reasons, the decision of the appellate court affirming the trial court’s judgment granting defendant’s motion to quash is reversed, and the trial court’s judgment is vacated. This matter is remanded to the trial court for further proceedings.
REVERSED; JUDGMENT VACATED; REMANDED.
Judge JEFFERSON D. HUGHES III, was assigned as Justice pro tempore, sitting for KIMBALL, C.J., for oral argument. He sits as an elected Justice at the time this opinion is rendered.

. Judge Jefferson D. Hughes III, was assigned as Justice pro tempore, sitting for Kimball, C.J., for oral argument. He sits as an elected Justice at the time this opinion is rendered.

. In Louisiana, a felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor. La. R.S. 14:2(A)(4).

. Subsequently, the monetary threshold in La. R.S 14:69(B)(1) of $500 was increased to $1,500 by 2010 La. Acts 585, § 1.

. Currently, 18 U.S.C. § 2312 provides:
Whoever transports in interstate or foreign commerce a motor vehicle, vessel, or aircraft, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than 10 years, or both.

. The apparent lack of evidence in Ralph relating to possession is contrasted with this matter. As indicated earlier, the “Factual Basis” from the proceeding on the federal offense was introduced into evidence in this matter by the state establishing that defendant actually possessed the stolen property.

. In pertinent part, 18 U.S.C. § 922(g) currently provides:
It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
[[Image here]]
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

.Currently, La. R.S. 14:95.1(A) provides:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instru-mentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon. [Footnote omitted.]

. The "Factual Basis” reveals that Bobcat had been reported as stolen on January 17, 2007.

. Succinctly stated, if defendant had been charged under Louisiana law for the acts to which he pled guilty in federal court in 2007, he would have been convicted of the felony-grade possession of stolen property.