LOMBARD, Judge.
hThe defendant, Mazen Hamdan, appeals his conviction as a multiple offender. After review of the record in light of the applicable law and arguments of the parties, we find his appeal without merit.

Relevant Procedural History and Facts

The defendant, a convicted felon, was found guilty of possession of a firearm on March 22, 2012. Shortly thereafter, the State filed a multiple offender bill of information and the defendant responded with a motion to quash. After a hearing, the trial court granted the motion to quash and the State sought supervisory review. This court denied writ but was subsequently reversed by the Louisiana Supreme Court. State v. Hamdan, 2012-1986 (La.3/19/13), 112 So.3d 812, 821. Upon remand, the trial court found the defendant to be a second offender based on his federal conviction for transporting stolen property, a violation of 18 U.S.C. § 2314. Accordingly, the defendant’s previous sentence was vacated and he was sentenced as a second felony offender to ten years at hard labor.
|?On appeal, the defendant argues that in light of dicta in Justice Alito’s dissent in Descamps v. U.S., — U.S. —, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the finding by the Louisiana Supreme Court is invalid.

Discussion

The Louisiana Supreme Court held that in evaluating a criminal defendant’s previous conviction during an habitual offender adjudication under La.Rev.Stat. 15:529.1(A), courts are required to consider all the information in the record to determine whether the crime for which the defendant was convicted in a “foreign jurisdiction” (in this case, federal court), would, if committed in this state, be a felony. Hamdan, 2012-1986, p. 16,112 So.3d at 821. The federal statute at issue in this case provides in pertinent part that it is illegal to transport, transmit, or transfer in interstate commerce “goods, wares, merchandise, securities or money, of the value” worth more than $5000 “knowing the same to have been stolen, converted or taken by fraud.” 18 U.S.C. § 2314. In turn, the state statute at issue provides that possession of stolen goods is illegal, stating in pertinent part: “Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing anything of value which has been subject of any robbery or theft....” La.Rev.Stat. 14:69. Upon review of the evidence in the record, the Louisiana Supreme Court found that, for purposes of whether the defendant’s prior federal conviction served as a predicate offense under the state ha *41 bitual offender law, 18 U.S.C. § 2814 was analogous to La.Rev.Stat. 14:69.
|sThe defendant’s argument, based on Descamps, that this court should find that the Louisiana Supreme Court erred in allowing the trial court to look at anything beyond the elements of the statutes in its determination of whether the defendant’s prior federal conviction qualified as a predicated offense for purposes of the state habitual offender law is meritless. In Des-camps, the U.S. Supreme Court determined that a federal trial court should not look at documents in the record to determine whether a state offense qualified as a predicate “violent felony” for sentence enhancement purposes under the federal-Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) “when the crime of which the defendant was convicted has a single, indivisible set of elements.” The U.S. Supreme Court’s analysis is based on the specific language of the ACCA and its own jurisprudence and, therefore, not applicable to the state statute. Justice Alito taking issue in his dissent with the analysis of the majority in that case clearly has no bearing on the validity of the analysis of Louisiana Supreme Court in this case.

Conclusion

We find no error in the trial court judgment of June 14, 2013, adjudicating the defendant a second felony offender.
AFFIRMED.