CHEHARDY, C.J.
In this writ application, defendant challenges the trial court's denial of his motion to quash the bill of information charging him with fifth-offense driving while intoxicated. For the following reasons, we grant this writ and remand for further proceedings.
Procedural History
On May 28, 2018, Christopher Collins, defendant-herein, was arrested in St. Charles Parish, Louisiana for driving while intoxicated ("DWI"), in violation of La. R.S. 14:98. On October 18, 2018, the District *403 Attorney for St. Charles Parish filed a bill of information charging defendant with fifth-offense DWI, alleging that defendant had four prior DWI convictions. On February 4, 2019, defendant filed a motion to quash the bill of information alleging that the four prior DWI convictions could not be used as predicates because they fell outside of the ten-year cleansing period set forth in La. R.S. 14:98(C)(3).[1] After a hearing on February 25, 2019, the trial court denied defendant's motion to quash. Defendant seeks review of that denial.
Law and Argument
A motion to quash is the proper vehicle to attack a predicate DWI conviction on the basis that it falls outside of the cleansing period. When the issue presented in a motion to quash is exclusively a question of law, appellate courts review the ruling de novo. See, State v. Hamdan, 12-1986 (La. 3/19/13), 112 So.3d 812, 816.
La. R.S. 14:98(C)(3) reads, in pertinent part:
For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section ... if committed more than ten years prior to the commission of the crime for which the defendant is being tried .... However, periods of time during which the offender was awaiting trial, under an order of attachment for failure to appear, or on probation or parole for an offense described in this Paragraph, or periods of time during which an offender was incarcerated in a penal institution in this or any other state for any offense, including an offense described in Paragraph (1) of this Subsection, shall be excluded in computing the ten-year period.
The prior convictions used by the state in a repeat DWI offender prosecution under La. R.S. 14:98 are essential matters of proof at trial. State v. Mobley, 592 So.2d 1282 (La. 1992) ; State v. Krause, 405 So.2d 832 (La. 1981). The State has the burden of negating the cleansing period. Mobley, supra . See, State v. Rolen , 95-0347 (La. 9/15/95), 662 So.2d 446, 447.
Here, the bill of information charged defendant with fifth-offense DWI, committed on May 28, 2018. The bill of information listed four predicate DWI convictions: one on June 1, 2002; one on February 9, 1999; one on November 6, 1997; and one on November 30, 1992. Clearly, more than 10 years had passed between defendant's 2002 conviction and his fifth DWI offense in 2018. After defendant filed a motion to quash, it was incumbent upon the State to prove the predicate convictions had not been cleansed under La. R.S. 14:98(C)(3).
Because we do not have a copy of the transcript of the hearing on the motion to quash, we are unable to determine if the State presented evidence at the hearing.
To this Court, the defendant presented the transcript of his 2003 sentencing for fourth-offense DWI, which reflects that he was sentenced to fifteen years, suspended , with sixty days imprisonment and four years of home incarceration. The State did not produce the transcript or evidence of defendant's discharge dates from state custody.
On the information before this Court, we find that the State failed to negate the cleansing period for any of defendant's prior DWI convictions that, on the face of the bill of information, were more than 10 years prior to his current DWI charge. The State not did offer a copy of the certified conviction packets which form the *404 basis of the predicate offenses used to charge defendant as a fifth DWI offender. Thus, none of defendant's discharge dates from custody are known.
Accordingly, upon de novo review, we find the State failed to bear its burden to negate the cleansing period. Consequently, the trial court erred in failing to quash the four predicate DWI convictions from the bill of information on the basis they clearly fell outside the ten-year cleansing period provided in La. R.S. 14:98(C)(3). This writ application is hereby granted and the matter remanded for proceedings consistent with this disposition.
WRIT GRANTED; REMANDED .

La. R.S. 14:98 was amended by 2014 La. Acts, No. 385, § 1, effective January 1, 2015.